# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10025
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CURTIS SEALY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-119-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Curtis Sealy appeals his non-guidelines sentence of 80 months of imprisonment following his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2). He contends that the district court's upward variance from the recommended guidelines range of 24 to 30 months to a sentence of 80 months is substantively unreasonable. He asserts that his criminal history, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10025

consisted of relatively minor offenses, did not support a sentence that was 50 months above the top of the guidelines range.  Sealy also asserts that the district court failed to address his good behavior and rehabilitative efforts while in prison.

We review sentencing decisions for reasonableness, applying an abuse-of-discretion standard.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).   In reviewing a non-guidelines sentence for substantive reasonableness, we "consider the totality of the circumstances, including the extent of any variance from the Guidelines range."  *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010) (internal quotation marks and citation omitted).  We must also review whether the 18 U.S.C. § 3553(a) factors support the sentence, "giv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Id.* (internal quotation marks and citation omitted).  A sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The record shows that the district court considered Sealy's contentions regarding sentencing and that it imposed a sentence based on its application of the § 3553(a) factors.  We are satisfied that the district court did not abuse its discretion in imposing an 80-month sentence.  *See Cisneros-Gutierrez*, 517 F.3d at 764; *Smith*, 440 F.3d at 708.  The court articulated the grounds under § 3553(a) that supported the upward variance.  The extent of the variance from the guidelines range is within the variances that we have upheld.  *See Cisneros-Gutierrez,* 517 F.3d at 764; *United States v. Brantley*, 537 F.3d 347,

No. 17-10025

348-50 (5th Cir. 2008); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005).

Sealy also argues that his conviction under § 922(g) is unconstitutional because it regulates conduct that (1) falls outside of the Commerce Clause and (2) the indictment should have been dismissed because it failed to allege that he knew the firearm had traveled in interstate commerce. As Sealy concedes, these arguments are foreclosed by *United States v. Alcantar,* 733 F.3d 143, 145-46 (5th Cir. 2013) and *United States v. Rose*, 587 F.3d 695, 705-06 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.